IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * |
| | *   Crim. No.:   PJM 94-0454 |
| KEVIN ADRIAN COX | * |
| | * |
| Defendant | * |

**MEMORANDUM OPINION**

Defendant Kevin Cox has filed a Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(2) [Paper No. 1285], in which he requests a reduction of his sentence pursuant to Amendment 715 to the Sentencing Guidelines, which lowered the base offense levels for certain crack cocaine offenses.[1] For the reasons that follow, the Court will **DENY** Cox's Motion.

**I.**

In 1994, Cox and numerous co-conspirators were indicted following a lengthy investigation by the FBI into a drug distribution enterprise. On October 4, 1996, a jury found Cox guilty of conspiring to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

On March 24, 1997, during Cox's sentencing hearing, the Court found that the nature and quantity of the drug associated with Cox's crime was between 5 and 15 kilograms of cocaine. The Court used this amount to arrive at a base offense level of 32 under the Sentencing Guidelines. *See* U.S. Sentencing Guidelines Manual § 2D1.1(c)(4) (2010) (assigning a base offense level of 32 to federal drug crimes involving at least 5 but less than 15 kilograms of cocaine). The Court then applied certain adjustments to Cox's score—specifically, an increase

---

[1] Although Cox's Motion relies on only Amendment 715, the Court will assume that Cox intended to rely on Amendment 706 as well, since that Amendment provides the basis for the changes in the Sentencing Guidelines.

-1-

of two points for possession of a dangerous weapon and an increase of two points for obstruction of justice—and arrived at an adjusted offense level of 36. Ultimately, the Court sentenced Cox to 235 months of incarceration—a term of imprisonment at the bottom of the Sentencing Guidelines range for an offender, such as Cox, with a criminal history category of III and an adjusted offense level of 36. The Fourth Circuit subsequently affirmed Cox's conviction and sentence on appeal. *See United States v. Ward*, 171 F.3d 188, 195 (4th Cir. 1999).

On January 20, 2011, Cox filed the instant Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2), in which he argues that "crack cocaine was involved and considered during the trial and at the sentencing hearing," and that he is therefore eligible to seek a reduced sentence pursuant to the Sentencing Commission's retroactive lowering of the base offense levels for certain crack cocaine offenses. On February 28, 2011, the Court issued an Order [Paper No. 1288] directing the Federal Public Defender to review Cox's Motion and provide the Court with a status report on the same within 90 days.

The U.S. Probation Office has reviewed Cox's Motion and determined that he is "not eligible to seek a reduced sentence because his offense did not involve crack cocaine." The Federal Public Defender filed its status report on April 5 and notes that counsel "did not disagree with" Probation's assessment.

## II.

On November 1, 2007, the Sentencing Commission promulgated Amendment 706 to the Sentencing Guidelines. That Amendment, addressing *crack* cocaine-related drug offenses, reduced by two levels the base offense level assigned to each threshold quantity of crack listed in the Guidelines' Drug Quantity Table. *See* U.S. Sentencing Guidelines Manual Supp. to App. C,

Amend. 706 (2010).[2]  Thereafter, the Commission made Amendment 706 retroactive, effective March 3, 2008.  *See* U.S. Sentencing Guidelines Manual Supp. to App. C, Amend. 713 (2010).  The Commission later promulgated and passed Amendment 715, which revised the way in which combined offense levels are determined in cases involving crack and other drugs.  *See* U.S. Sentencing Guidelines Manual Supp. to App. C, Amend. 715 (2010).  The Commission also made Amendment 715 retroactive, effective May 1, 2008.  *See* U.S. Sentencing Guidelines Manual Supp. to App. C, Amend. 716 (2010).

Pursuant to 18 U.S.C. § 3582(c), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may file a motion asking the Court to reduce his sentence.  18 U.S.C. § 3582(c)(2).  Upon consideration of such a motion, the Court may reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).

Thus, the Sentencing Commission's retroactive application of Amendments 706 and 715, combined with the statutory authority granted in 18 U.S.C. § 3582(c)(2), permits a court to reduce a crack cocaine sentence issued prior to the Amendments, provided the Court gives ample consideration to the § 3553(a) sentencing factors and the policy statements issued by the Sentencing Commission in support of the Amendments.  That said, it is obviously the case that Amendments 706 and 715 will not apply, and that a § 3582(c)(2) motion brought pursuant to the Amendment will not succeed, where the defendant's sentence was not in fact calculated based on

---

[2] Prior to Amendment 706, there was a 100-to-1 disparity between crack and powder cocaine offenses, resulting in sentences for crack offenses three to six times longer than for cocaine offenses involving equal amounts of drugs. Amendment 706 sought to remedy this disparity by lowering the 100-to-1 ratio. *United States v. Munn*, 595 F.3d 183, 186 n.5 (4th Cir. 2010).

some quantity of crack cocaine or did not involve some combination of crack cocaine and other drugs.

### III.

As Probation notes in its review of Cox's Motion, and as the Federal Public Defender concedes, Cox's "offense did not involve crack cocaine." Cox's sentence was only for one drug, powder cocaine, not a combination of crack cocaine and any other drug. As noted *supra*, the purpose of Amendments 706 and 715 was to remedy the significant disparity between sentences for crack cocaine offenses and those for powder cocaine. Since Cox's sentence was not based upon any quantity of crack cocaine, and since it did not involve a combination of crack cocaine and any other drug, Amendments 706 and 715 have no application. Accordingly, the Court is constrained to deny Cox's Motion.

### IV.

For the foregoing reasons, Cox's Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2) [Paper No. 1285] is **DENIED**.

A separate Order will **ISSUE**.

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**July 19, 2011**